**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1695
_____

ROSA PEREZ, Individually and o/b/o W.P. and L. P., Minors;
ELVIS PEREZ; W. P.; L. P.,

Appellants

v.

BOROUGH OF BERWICK; HEATHER ROOD; COLOMBIA COUNTY; TROY
MANEVAL; ROGER BODWALK; GREG MARTIN; CHRISTOPHER WILSON;
KIMBERLY MULLINGS; DAVID CHRISTINO; TWO UNKNOWN AGENTS OF
THE BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT;
STEVE LEVAN; TIFFANY PANETTA; PATRICK CAWLEY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 4:07-cv-02291)
District Judge:  Hon. Robert D. Mariani

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 15, 2012

Before:  RENDELL, FUENTES and CHAGARES, Circuit Judges.

(Filed: December 12, 2012)
_____

OPINION
_____

CHAGARES, Circuit Judge.

Rosa Perez, individually and on behalf of then-minors W.P. and L.P., and Elvis Perez — collectively, "the Perez family" — appeal the grant of summary judgment to all defendants in a civil rights lawsuit brought in the United States District Court for the Middle District of Pennsylvania. Although the District Court found that the Borough of Berwick, Columbia County, and individual officers from those localities and from the Immigration and Customs Enforcement Agency did violate the Perez family's Fourth Amendment rights, the District Court held that no remedy could be granted pursuant to 42 U.S.C. § 1983. The court made this determination because it found that the Perez family failed to establish a policy or custom on the part of Borough of Berwick and Columbia County, because Columbia County is entitled to immunity from suit in federal court pursuant to the Eleventh Amendment of the United States Constitution, and because the individual officers and agents sued were entitled to qualified immunity. For the following reasons, we will affirm in part, and vacate and remand in part.

I.

Because we write solely for the parties' benefit, we recite only the facts essential to our disposition. The Perez family initiated this lawsuit after officers from the Borough of Berwick Police Department ("Berwick"), Immigration and Customs Enforcement ("ICE"), and the Columbia County Adult Probation and Parole Department entered their home on March 21, 2007 to execute bench and administrative warrants on different individuals who allegedly lived there. The Perez family's complaint, brought pursuant to 42 U.S.C. § 1983, alleged that the family's right to be free from unreasonable searches, guaranteed by the Fourth Amendment to the United States Constitution, was violated by

2

the following entities and individuals: Berwick; Columbia County; individual ICE agents[1] Kimberly Mullings and David Christino; individual Berwick Police Officers Heather Rood-Comstock ("Rood"), Troy Maneval, Roger Bodwalk, Steve Levan, Greg Martin, and Christopher Wilson; and individual Columbia County Adult Probation and Parole Officer Tiffany Panetta. The District Court found that the entry into the Perez family's home was unconstitutional because it involved execution of administrative and bench warrants only for "summary offenses and low grade misdemeanors," Appendix ("App.") 36, at the family's private residence at an hour well before dawn.[2] The Perez family also contended that its constitutional rights were violated because the officers and agents allegedly failed to knock and announce themselves before entering the home, and because several officers and agents allegedly entered in an unnecessarily prolonged and violent manner, with at least some of the agents and officers wearing masks and drawing their guns on the unarmed Perez family. The District Court did not directly address these claims.

Despite the finding of a constitutional violation, the District Court granted summary judgment for all defendants (and, consequently, also denied the Perez family's own motion for summary judgment) because it found that all defendants were entitled to qualified immunity. The Perez family filed a motion for reconsideration only on the

---

[1] Pursuant to the Servicemembers Civil Relief Act, the Perez family voluntarily moved to dismiss ICE agent Cawley when he was called upon to serve overseas in early 2011. The motion was granted and Cawley was dismissed from the case on June 14, 2011.

[2] The Perez family claimed the entry occurred at 4:00 a.m., while the defendants argued that it took place at 5:00 or 5:30 a.m. The District Court properly took the facts in the light most favorable to the Perez family, adopting 4:00 a.m. as the time of entry. App. 5.

grounds that Berwick and Columbia County are not eligible for qualified immunity. The District Court recognized its error in having ruled that these entities received qualified immunity, but maintained that summary judgment should be granted as to Berwick because the Perez family failed to show, as required by Monell v. Department of Social Services, 436 U.S. 658 (1978), that Berwick followed a policy or practice of performing the kind of unconstitutional execution of warrants experienced by the Perez family. The District Court also found that Columbia County had been erroneously granted qualified immunity, but that it was nevertheless entitled to immunity from suit under the Eleventh Amendment to the United States Constitution because it concluded that the Probation and Parole Department of Columbia County is a branch of the Commonwealth of Pennsylvania, rather than an agency of Columbia County.

The Perez family appeals on the grounds that the District Court erred in finding no genuine issue of material fact as to the Perez family's Monell claim, and also erred in finding that Columbia County was entitled to immunity from suit in federal court. The Perez family also contends that genuine issues of material fact exist as to whether the individual officers acted reasonably in light of clearly established law, such that they should receive qualified immunity from liability for the constitutional violations found by the District Court. Finally, the Perez family argues that their constitutional rights were violated in additional ways not recognized by the District Court — namely, by the officers' failure to comply with the knock-and-announce requirement, the protracted and violent nature of the entry, and the officers' unlawful search of the home.

II.

4

The District Court had jurisdiction pursuant to 28 U.S.C. § 1343(a), and we have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment. Lawrence v. City of Philadelphia, 527 F.3d 299, 310 (3d Cir. 2008). Accordingly, we view the evidence in the light most favorable to the Perez family and draw all justifiable, reasonable inferences in their favor. Id. We affirm only if there is no genuine issue of material fact with respect to one or more elements of the Perez family's claim and if the defendants are entitled to judgment as a matter of law. Id.; Fed. R. Civ. P. 56(a).

A.

We will begin with the District Court's finding that the Columbia County Probation and Parole Department receives immunity from this federal lawsuit pursuant to the Eleventh Amendment because the Probation and Parole Department is "not part of Columbia County," but rather "an agency of the Commonwealth" of Pennsylvania. App. 33-34. As this Court has pointed out, "the Eleventh Amendment applies to suits against subunits of the State." Haybarger v. Lawrence Cnty. Adult Prob. & Parole, 551 F.3d 193, 198 (3d Cir. 2008) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)). Moreover, "[w]e have held that Pennsylvania's judicial districts, including their probation and parole departments, are entitled to Eleventh Amendment immunity." Haybarger, 551 F.3d at 198.

The Perez family's Second Amended Complaint names Columbia County — not the Columbia County Probation and Parole Office — as a defendant, and avers that "Defendant Columbia County is a municipality within the Commonwealth of

5

Pennsylvania that, at all times relevant hereto, operated the Columbia County Probation Department." App. 1220. However, Columbia County denied this claim in its answer, stating that "it is specifically denied that Columbia County operated the County Probation Department with respect to the allegations of the Second Amended Complaint," and asserting that "Defendant Panetta was acting as an officer of the court, which is a branch of the state for purposes of the alleged claims." App. 1288. This assertion is supported by the rule this Court articulated in Benn v. First Judicial District of Pa., 426 F.3d 233, 241 (3d Cir. 2005) (holding that Pennsylvania's Judicial Districts are entitled to immunity from suit under the Eleventh Amendment), which we underscored in Haybarger, 551 F.3d at 198 (elucidating that the Judicial Districts' immunity from suit extends to probation offices as well). The fact that Probation Officer Panetta testified that she "work[ed] for Columbia County as a probation/parole officer," App. 493, does not change that Pennsylvania probation and parole departments are legally part of the Commonwealth's Unified Judicial District. Accordingly, if the Columbia County Probation Office is, indeed, the entity the Perez family sued in the instant matter, we conclude that it is entitled to immunity from suit.

Alternatively, we conclude the Perez family improperly named the municipality of Columbia County as a defendant in this lawsuit, since the municipality took no actions in the allegedly unconstitutional entry underlying the instant matter. The Perez family appears to dispute that the municipality of Columbia County had no involvement in the March 21, 2007 entry into their home, arguing that Panetta worked for and was an agent of Columbia County, which had an unconstitutional policy of executing bench warrants

6

in the middle of the night.  Therefore, they claim, the county is liable under <u>Monell v. Department of Social Services</u>.  <u>See</u> 436 U.S. at 691 (holding that, although municipalities are "persons" within the meaning of 42 U.S.C. § 1983, no municipal liability lies under that statute "unless action pursuant to official municipal policy of some nature caused a constitutional tort").  The Perez family presents testimony that "the policy of Columbia County" is that "[a] bench warrant can be served anytime 24/7."  Perez Br. 20.  However, despite being characterized as "Columbia County's testimony," that statement was actually given by Panetta, even though the very fact it seeks to prove is whether Panetta's actions and testimony can be attributed to Columbia County — that is, whether Panetta can be considered an agent of Columbia County.  <u>Id.</u>  As a result, we conclude that summary judgment was properly granted to the Columbia County defendant, regardless of whether the defendant named by the Perez family is the Columbia County Probation Office, or the municipality of Columbia County.  We hold that Panetta was not an agent of the municipality when she entered the Perez family home, as the Perez family points to no evidence that would rebut the Columbia County defendant's assertion — and this Court's law — that a probation officer works for a unit of the state, even if the probation office has the name of a county in its title.

B.

The Perez family further argues that the District Court erroneously granted summary judgment on its § 1983 claim against Berwick.  The District Court found that the Perez family failed to show a genuine issue of material fact as to the existence of a Berwick policy or practice of allegedly unconstitutional conduct, so that the Perez

family's municipal liability claim against Berwick was deficient under <u>Monell</u>. Moreover, the Perez family also appears to be raising a question as to exactly what constitutional violation the District Court found.

In its December 29, 2011 opinion granting summary judgment to the defendants, the District Court analyzed the following factors to conclude that Berwick (and other defendants) had violated the Perez family's constitutional rights: "(1) time of the service of the warrants, (2) the fact that an arrest was made . . . , (3) the existence of any exigent circumstances, . . . and (4) the absence of a finding by a neutral magistrate that a <u>nighttime</u> execution was reasonable." App. 19. In particular, the District Court focused on the fact that the entry took place at 4:00 a.m., explaining that "[t]he Supreme Court's long established jurisprudence . . . indicates a clear preference against the execution of warrants in the middle of the night." App. 20-21. The Perez family points to evidence showing that Berwick did, indeed, maintain "policies or customs permitting the execution of bench and arrest warrants <u>for misdemeanors and summary offenses</u> any time day or night." App. 37. Specifically, the Perez family presented the following testimony from the deposition of Berwick's chief of police: "Q: 'Is it the policy of the Borough of Berwick that arrest warrants and bench warrants can be served any time day or night?' A: 'Yes.'" App. 1106.

However, as the District Court underscored in its February 10, 2012 memorandum opinion, its December 29, 2011 opinion "did not find Pennsylvania Rules of Criminal Procedure 431(A)(1) and (2), which permit the execution of bench warrants at any time, constitutionally impermissible." App. 35. Rather, the District Court came to the

8

"narrow" conclusion, "premised upon specific facts," that "Berwick enforced an otherwise constitutional practice with regard to enforcement of arrest or bench warrants in circumstances rendering the otherwise lawful practice impermissible." App. 35-36. We agree that the constitutionality of Berwick's entry into the Perez family home is to be determined by more than just the time it took place. See Bell v. Wolfish, 441 U.S. 520, 559 (1979) ("The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. . . . Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted."). In the instant case, there is a genuine issue of material fact as to whether or not Berwick's entry was unconstitutional, given the time the entry occurred, the length of the search that allegedly ensued, the fact that at least some officers (potentially Berwick's agents) wore masks and drew weapons on the family, and the alleged failure of the officers to knock and announce their presence. Moreover, the District Court did not consider whether Berwick's nighttime entry is customarily accompanied by these other aggravating factors, such that Berwick can be said to follow a policy or practice of entering homes in this way.[3] Accordingly, we will

---

[3] Although the ICE defendants argue before this Court that the Perez family waived its right to assert a knock-and-announce claim by failing to raise it below, it is evident that the Perez family's complaint did, indeed, claim a violation of their Fourth Amendment rights in connection with defendants' entry into their home. See, e.g., D.I. 13 (Am. Compl.), ¶ 27 ("As Rosa Perez opened the door, the defendants pushed her aside and swarmed into the plaintiffs' living room."). Moreover, the Perez family did include extensive discussion of the alleged knock-and-announce violation in their opposition to the defendants' summary judgment motion. D.I. 153, 17-21. The District Court did not address this argument.

vacate and remand to the District Court for it to determine whether summary judgment is appropriate as to Berwick's Monell liability.

C.

Finally, the Perez family argues that the District Court erred in granting qualified immunity to the individual officers and agents who participated in the entry into the Perez family home.  In assessing a government official's entitlement to qualified immunity from suit, we determine whether a plaintiff's constitutional right was violated, and whether that right was clearly established at the time of the alleged violation such that a reasonable person in the official's position would have known that his or her conduct violated it.  Pearson v. Callahan, 555 U.S. 223, 232 (2009); see also Grant v. City of Pittsburgh, 98 F.3d 116, 121 (3d Cir. 1996) (clarifying that test for a "clearly established" right is an objective one).  We need not decide whether a constitutional violation took place if we find a constitutional right was not clearly established.  Pearson, 555 U.S. at 236.  The Perez family argues that the officers should not receive the protection of qualified immunity because they violated the family's clearly established constitutional rights by executing the bench and administrative warrants at night, failing to comply with the knock-and-announce requirement, unlawfully searching their home, and executing an unnecessarily long and violent entry.

As far as the Perez family's right to be free from nighttime execution of administrative warrants is concerned, even if such a right does exist, we doubt that it was clearly established at the time of the incident, as the Perez family points to no statutes or

10

case law clearly establishing that principle.[4]  See Kornegay v. Cottingham, 120 F.3d 392, 396 (3d Cir. 1997) ("'Clearly established rights' are those with contours sufficiently clear that a reasonable official would understand that what he is doing violates that right.").

Nevertheless, we conclude that other allegations made by the Perez family — that the officers failed to abide by the knock-and-announce requirement, that the scope and length of their search was unreasonable and that they used excessive force in entering the Perez family's home — raise a genuine issue of material fact as to whether the individual officers are entitled to qualified immunity.  To begin with, the knock-and-announce requirement is a clearly established point of constitutional law.  Kornegay, 120 F.3d at 396-97.  Furthermore, as a general matter, it is clearly established that an official search that exceeds the bounds of reasonableness is a constitutional violation, as is the use of excessive force by an officer — though both inquiries are intensely fact-driven.  See U.S. Const. amend. IV; Estate of Smith v. Marasco, 318 F.3d 497, 515 (3d Cir. 2003) ("To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a seizure occurred and that it was unreasonable." (internal quotation marks omitted)).  To determine whether the individual officers are entitled to qualified immunity, the District Court was required to consider whether, under the factual scenario of this case, the officers were reasonable to believe that their actions did not violate the Perez family's clearly established rights.  The District Court did not pursue this inquiry as to any claims other than the nighttime execution of the search

---

[4] Moreover, the officers appeared either to be relying on their municipality's habitual practice (which they would reasonably have assumed was constitutional), or, in the case of the ICE agents, relying on the practice of the local officers.

11

warrant.  Accordingly, we will vacate and remand so that the District Court may analyze the issue of qualified immunity on the Perez family's knock-and-announce, unreasonable search, and excessive force claims.

IV.

For the foregoing reasons, we will affirm the District Court's grant of summary judgment to Columbia County.  We will vacate the grant of summary judgment as to Berwick and the individual officers, and remand to the District Court for proceedings consistent with this opinion.